UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marina C., | File No. 26-cv-494 (ECT/DJF) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*, | |
| Respondents. | |

Kira Aakre Kelley, Climate Defense Project, Minneapolis, MN, for Petitioner Marina C.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

Petitioner Marina C. has filed a Verified Petition for Writ of Habeas Corpus ("Petition" or "Pet.") [ECF No. 1]. Marina is a Honduran citizen. Pet. ¶ 12. Marina has "a pending U visa application and does not have a final order of removal." *Id.* ¶ 13. "She has no criminal record." *Id.* Marina's "next immigration court date is not until mid-August of 2026." *Id.* "Respondent ICE"—or its agents—"arrested [Marina] on January 19, 2026" as part of "Operation Metro Surge." *Id.* ¶¶ 14–15. The Petition asserts, "[u]pon

information and belief," that "Respondents had no . . . warrant" for Marina's arrest. *Id.* ¶ 50.

Marina challenges her detention under 28 U.S.C. § 2241. Pet. ¶ 2. She claims she has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 26–27; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Marina, that misclassification and denial of a bond hearing violate her right to due process under the Fifth Amendment, 8 U.S.C. §§ 1225(b)(2), and the Administrative Procedure Act. *See* Pet. ¶¶ 28–44. Marina seeks an order requiring Respondents to show cause as to why Marina should not be released immediately, or in the alternative, afforded a bond hearing; issuance of a writ of habeas corpus requiring Respondents to release her unless they provide a bond hearing under 8 U.S.C. § 1226(a); an order enjoining her transfer out of the District of Minnesota during these proceedings; and "any other and further relief this Court may deem just and proper." Pet. at 14.

On January 21, 2026, this Court issued an Order directing Respondents to "file an answer to [Marina's] Petition by no later than **January 23, 2026**, certifying the true cause and proper duration of [Marina's] confinement and showing cause why the writ should not be granted in this case." ECF No. 3 at 1.

As of this writing, Respondents did not file an answer to the Petition, *see* Dkt., meaning Respondents waived any challenge to Marina's arguments. *See Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (citing

*Espey v. Nationstar Mortg., LLC*, No. 13-cv-2979 (ADM/JSM), 2014 WL 2818657, at *11 (D. Minn. June 19, 2014) (collecting cases)).  Accordingly, based on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

    1.    Petitioner Marina's Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED**.

    2.    Respondents shall release Petitioner from custody immediately, but no later than within 48 hours of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 24, 2026, at 2:45 p.m.        s/ Eric C. Tostrud
                                                            Eric C. Tostrud
                                                            United States District Court